IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00160-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DONALD BRIAN WINBERG,
2. KARLIEN RICHEL WINBERG,

    Defendants.

_____

## ORDER
_____

    This matter comes before the Court on the Motion to Vacate Trial [Docket No. 73] filed by the United States.  The motion indicates that both defendants have stopped reporting to the probation officer who is supervising them on bond, that their attorneys have lost contact with them, that an arrest warrant has been issued for Mr. Winberg, and that the United States has sought an arrest warrant for Ms. Winberg.

    The trial in this matter is scheduled for January 5, 2015.  The United States requests that the Court vacate the trial date so that it may release its trial witnesses from their testimonial obligations, especially given that the trial is scheduled shortly after the holiday season, and so that the United States has adequate notice and time to prepare for trial once the defendants are located.  The government points out that the Speedy Trial Act, 18 U.S.C. § 3161(h)(3)(A), excludes "[a]ny period of delay resulting from the absence or unavailability of the defendant."  Moreover, "[f]or purposes of [§ 3161(h)(3)(A)], a defendant or an essential witness shall be considered absent when

his whereabouts are unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B).  Based on the government's representation that the defendants have vacated their residence without paying rent that is due and have stopped reporting to their probation officer, Docket No. 73 at 3, it is likely that the defendants are "absent" and that the Speedy Trial clock has been tolled beginning on or about October 16, 2014.

While the fact that the trial in this case is set shortly after the holiday period creates a legitimate reason to vacate the trial date to avoid witness inconvenience, it is not clear why the trial should be vacated now.  The Winbergs have seven children living with them, Docket No. 15 at 2, and Ms. Winberg does not have a passport.  *Id.*  Thus, there appear to be certain factors that make it possible that the Winbergs will be apprehended before the trial date in this case.  Moreover, assuming that the Speedy Trial clock is tolled, there is no need to vacate the trial date now in order that the government "has adequate notice and time to prepare for trial."  In the event that the Winbergs are located and the current trial date has not been vacated, the United States will have the opportunity to move to continue the trial date if it believes that the defendants' absence has legitimately prejudiced the United States' ability to prepare for trial.  In addition, the Court is open to a renewed motion to vacate the trial date in the event that the defendants have not been apprehended by the beginning of December.

Wherefore, it is

ORDERED that the United States' Motion to Vacate Trial [Docket No. 73] is denied without prejudice.

DATED November 7, 2014.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge